Judge Nicholas
delivered the opinion of the court.
Moore sued the Youngs for the trover and conversion of his horse, taken and sold by the sheriff tinder a fi. fa. in favor of the defendant, James Young, against a third person, and obtained a verdict and judgment against them.
In the progress of the trial, the defendant, Thotnas j. Young, moved the court to instruct the jury, ^kat if they believed he had no interest in, but was a mere stranger to the execution, they should find for him even though he had pointed out and direct *647 ved the sheriff to levy the execution on the horse. This instruction the court properly refused to give.
Plaintiff in an exeentiou is not liable to an action of trover and conversion for sale of property under the execution which was not subject (o it, unless he directed the sale.
Triplett, for plaintiffs ; Trhpbh, for defendant.
It is said, that an action of trover does not lie against a sheriff or any person, who, by his command, assists in the execution of a fieri facias, although there was no judgment to warrant the issuing of the writ, for they had done no more than obey the writ, which it was their duty to do. But if a stranger officiously assist the sheriff in the execution of such a writ, he is liable to the action of trover; for,'as he acts officiously, it is incumbent on him to take care that there is a judgment to warrant the writ, VI Bacon Ab. 692, and authorities there cited. In Britton vs. Cole, XII Mod. 178, it is said by Holt, C. J., if there be no judgment, and a ca. sa. or other execution is taken out., the sheriff, and all other persons acting under him, are justifiable; but, if a stranger of his own head interposes, who is not concerned, and he sets on the sheriff to do execution, he cannot justify this. So, also, we infer that a stranger is liable to the action when he officiously undertakes to point out and direct the sheriff to levy on property not subject to the execution. .
But as there was no proof conducing to shew, that James Young, the other defendant, directed either the levy or sale, the jury ought .not to have found against him. The mere fact of his being the plain-stiff in the execution did not render him liable.
Judgment reversed, cause remanded with directions to set aside the verdict, grant a new trial, and for further proceedings consistent herewith. 'Plaintiffs in error to recover costs.